962 So.2d 604 (2006)
Roosevelt JILES, Appellant
v.
STATE of Mississippi, Appellee.
No. 2005-KA-01463-COA.
Court of Appeals of Mississippi.
December 5, 2006.
Rehearing Denied May 1, 2007.
Imhotep Alkebu-Lan, attorney for appellant.
*605 Office of the Attorney General by Billy L. Gore, attorney for appellee.
Before LEE, P.J., IRVING and ISHEE, JJ.
LEE, P.J., for the Court.

FACTS AND PROCEDURAL HISTORY
¶ 1. On March 17, 2004, after a two day trial, a jury in the Leflore County Circuit Court found Roosevelt Jiles guilty of the attempted rape of J.H.[1] Both Jiles and J.H. were students at Mississippi Valley State University at the time of the attempted rape.
¶ 2. Around 11:30 p.m. on November 17, 2003, J.H. was taking a shower in a bathroom shower stall located on the fourth floor of her dormitory at Mississippi Valley State. She noticed a figure walking back and forth in front of her shower stall. The person took her clothes that were draped over the top of the shower curtain. Consequently, J.H. grabbed her towel, wrapped the towel around herself, and stepped out of the stall. As she did, she came face-to-face with the perpetrator. He demanded that she give him the towel, and then he snatched it off her. J.H. screamed for help as the man threw her down on a bench, shoved the towel in her face, and held her down as he started to unbutton his pants. She continued to scream and fight until he fled the area. She then ran back to her dorm room and called the campus police. After the officer took the report and left, a resident assistant suggested looking in the campus yearbook to see if J.H. could identify the attacker. She identified Jiles as the one who attacked her, and the police were called back so she could report the alleged attacker's name. She again identified Jiles at the police station when he was taken into custody.
¶ 3. Jiles was indicted by a Leflore County grand jury on July 2, 2004. At trial, Jiles moved for a directed verdict arguing that the evidence was not sufficient to prove an overt act to convict him of attempted rape. His motion was denied, and the jury found him guilty of attempted rape. He was later sentenced to serve ten years in the custody of the Mississippi Department of Corrections. Jiles appeals to this Court arguing the following issues: (1) the evidence was insufficient to prove an overt act to support a conviction for attempted rape and (2) the court committed reversible error when it denied Jiles's motion for directed verdict. The issues will be discussed together as they assert the same argument.
¶ 4. Finding no error, we affirm.

STANDARD OF REVIEW
¶ 5. Requests for a directed verdict and motions JNOV implicate the sufficiency of the evidence. Gleeton v. State, 716 So.2d 1083, 1087(¶ 14) (Miss.1998). In reviewing the sufficiency of the evidence, all evidence supporting the guilty verdict is accepted as true, and the State must be given the benefit of all reasonable inferences that can be reasonably drawn from the evidence. Bell v. State, 910 So.2d 640, 646(¶ 16) (Miss.Ct.App.2005). The jury determines the credibility of witnesses and resolves conflicts in the evidence. Evans v. State, 725 So.2d 613, 680-81 (¶ 293) (Miss.1997). We may reverse only where, with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty. Gleeton, 716 So.2d at 1087(¶ 14).

*606 DISCUSSION
I. WAS SUFFICIENT EVIDENCE PRESENTED TO SUPPORT A CONVICTION FOR ATTEMPTED RAPE?
II. DID THE TRIAL COURT ERR IN DENYING JILES'S MOTION FOR DIRECTED VERDICT?
¶ 6. In order to convict Jiles of attempted rape, the State had the burden of showing that he designed and endeavored to have forcible sexual intercourse with the victim and performed an overt act toward the commission thereof, but either failed to, or was prevented from, completing the act. Miss.Code Ann. § 97-1-7 (Rev.2006). Taking the evidence consistent with the guilty verdict as true and giving the prosecution the benefit of all favorable inferences, the evidence was sufficient to find Jiles guilty of attempted rape.
¶ 7. Jiles argues that the evidence was insufficient to prove an overt act associated with attempted rape for the following reasons: (1) he voluntarily ceased the assault when he ran out of the bathroom; (2) all that he said during the struggle was "give me that towel;" and (3) he never exposed his genitals. He also argues that the evidence was insufficient to sustain a conviction as a matter of law because the whole incident took ten minutes and the victim could not see the assailant clearly because he put a towel over her face. Jiles's arguments do not present sufficient evidence to warrant a directed verdict. Whether Jiles fled the bathroom as a voluntary cessation of the act or was prevented from completing the act because of J.H.'s screams is a question of fact that goes to the weight and credibility of the evidence which are to be resolved by the jury, and not in a motion for directed verdict. Gleeton, 716 So.2d at 1087(¶ 14). The same is true for Jiles's remaining arguments.
¶ 8. The trial court did not err in denying Jiles's motion for a directed verdict. Sufficient evidence was presented to support a conviction of attempted rape. We affirm.
¶ 9. THE JUDGMENT OF THE LEFLORE COUNTY CIRCUIT COURT OF CONVICTION OF ATTEMPTED RAPE AND SENTENCE OF TEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., MYERS, P.J., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.
NOTES
[1] Initials have been substituted to protect the identity of the victim.